UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY WAYNE BATCHELOR,<br><br>Defendant. | Case No. 1:19-cr-00080-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Harley Wayne Batchelor's motion requesting the Court to place him in a "Federal Halfway House also called [a] Residential Reentry Center Placement" for eighteen (18) months preceding his release from confinement.[1] Dkt. 32, at 1. Batchelor was sentenced to 46 months of confinement on December 11, 2019. Dkt. 30, at 2. Batchelor's pending motion was filed on December 4, 2021. Batchelor will be released from confinement on March 17, 2023. Dkt. 32, at 1.

## II. LEGAL STANDARD

"A person who has been sentenced to a term of imprisonment [in the federal court]

---

[1] The Court notes the term "halfway house" is synonymous with the phrase "residential reentry center" ("RRC") under 18 U.S.C. § 3624(g)(2)(B). Batchelor offers no clarification on whether he is requesting a modification of his sentence or a judicial recommendation. The Court interprets Batchelor's motion as a request for a judicial recommendation for prerelease custody placement, specifically an RRC, under 18 U.S.C. § 3624(c).

MEMORANDUM DECISION AND ORDER - 1

. . . shall be committed to the custody of the Bureau of Prisons ("BOP") until the expiration of the term imposed." 18 U.S.C. § 3621(a) (cleaned up). The BOP's authority to place an inmate in prerelease custody, specifically a residential re-entry center ("RRC"), is governed by 18 U.S.C. § 3621(b) and § 3624(c). *Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010). Section 3621(b) authorizes the BOP to designate the place of a prisoner's imprisonment and to alter the conditions of confinement and release. *Id.* at 1062. And § 3624(c) charges the BOP with preparing prisoners for reentry during the final months of imprisonment. *Id*.

District courts have the authority and discretion "to make (or not make) [post judgment] non-binding recommendations to the Bureau of Prisons at any time." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). Such recommendations do not violate the limitations set forth in 18 U.S.C. § 3582 or Federal Rules of Criminal Procedure 35 and 36. *United States v. Parlin*, 2019 WL 5268542, at *2 (D. N.V. Oct. 17, 2019). However, "a district court's recommendation to the Bureau of Prisons is just that—a recommendation. It is not part of the sentence imposed by the district court." *Ceballos*, 671 F.3d at 856.

### III. ANALYSIS

The Court would first like to apologize for the lengthy time between the filing of the motion and the filing of this order. The Court has over 400 pending civil and criminal cases on its docket, which has restricted the Court's ability to get to every motion in a timely manner.

The Court commends and is supportive of Batchelor's determination to have a successful reentry into society. Batchelor states that he is homeless and has no money, so the RRC would be beneficial for his reentry. Dkt. 32, at 1. However, the Court recognizes that Batchelor only has three more months until he is released. In addition, the Court concludes the Bureau of Prisons is in the best position to determine Batchelor's prerelease custody placement under 18 U.S.C. § 3624(c). While the Court appreciates Batchelor's reasons for seeking this recommendation, the Court is unable to make an informed recommendation without knowing the recommendation of the Bureau of Prisons.

Furthermore, even if Batchelor was seeking a reduction in his sentence, he would still be unsuccessful. Once a sentence has been imposed, the Court may not alter a term of imprisonment unless, among other things, (1) the sentence is based on a sentencing range that has been subsequently lowered by the Sentencing Commission, and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c). The "primary applicable policy statement . . . prohibits a sentence reduction in cases where the relevant amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Spears*, 824 F.3d 908, 912–13 (9th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Batchelor does not allege that the guideline range applicable to him has been subsequently lowered by the Sentencing Commission nor does he allege that his sentence was misapplied.

For these reasons, the request is denied.

///
///

MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

The Court HEREBY ORDERS:

1. Batchelor's Motion for Residential Reentry Center Placement (Dkt. 32) is DENIED.

DATED: January 13, 2023

_____
David C. Nye
Chief U.S. District Court Judge